Weygandt, C. J.
 

 The sole question raised by the defendant at this time is whether the plaintiff’s petition contains facts sufficient to constitute a cause of action for the issuance of a writ of prohibition.
 

 The plaintiff states that he has invoked this extraordinary remedy because he is in doubt whether he can otherwise contest the validity of the contribution levied by the defendant under favor of Section 1346-4, General Code, which in part provides that “Except as herein provided, any decision made by the administrator or a deputy of the administrator by the board of review or one of its referees shall be final.” But conceding without determining the finality of such an order so far as a review by the Unemployment Compensation Board of Review is concerned, it still is nec
 
 *177
 
 essary to consider the effect of the further procedures provided by Sections 1345-27 and 1345-28, General Code. The first authorizes a criminal and the second a civil action against an employer who fails or refuses to pay any contribution levied against him. However, this plaintiff urges that these procedures would not enable him to interpose his defense, and that even if such a defense were permitted, the remedy would prove inadequate. With these views this court finds itself unable to agree. In the first place it is possible that no court action ever will be filed against this plaintiff, thus leaving him unharmed. Secondly, if an action should be instituted against him he could assert his defense that the individuals in question are not employees. This is illustrated by the language of Section 1345-28, General Code, that “If upon final hearing of said cause it is found and determined that the defendant is subject to the provisions of this act, the court shall render judgment * * Thus the question whether this plaintiff is an employer of three or more individuals can be effectively adjudicated in a court of law.
 
 Pittsburg Coal Co.
 
 v.
 
 Industrial Commission,
 
 108 Ohio St., 185, 140 N. E., 684.
 

 The plaintiff places considerable reliance upon the case of
 
 Bowman
 
 v.
 
 Atkinson, Admr. of Unemployment Comp. Comm.,
 
 136 Ohio St., 495, 26 N. E. (2d), 798. However, a study of that case shows that the question of remedy was not raised, considered or decided, and that the Attorney General agreed in open court that the writ should issue.
 

 In the instant case the demurrer must be sustained and the petition dismissed at the plaintiff’s costs.
 

 Demurrer sustained.
 

 Turner, Williams, Hart, Zimmerman and Bettman, JJ., concur.
 

 Matthias, J., not participating.