BUREAU OF UNEMPLOYMENT COMPENSATION, APPELLANT, *v.*
MATTEO, D. B. A. MATTEO'S BARBER SHOP, APPELLEE.

[Cite as Bureau of Unemployment Comp. v. Matteo, 9 Ohio App. 2d 95.]

(No. 4627—Decided January 18, 1967.)

*Mr. William B. Saxbe,* attorney general, *Mr. Eugene P.
Everhart* and *Mr. Paul T. Zellers,* for appellant.
*Mr. Nicholas Manos,* for appellee.

YOUNGER, J. This appeal arises from the action of the Common Pleas Court in directing a verdict for the defendant in an action brought by the Attorney General on behalf of the Bureau of Unemployment Compensation, State of Ohio, against the defendant in an attempt to obtain judgment in the sum of $4,-415.75, plus interest, for claimed delinquent contributions under the Unemployment Compensation Act for a period extending from July 31, 1956, through January 31, 1964.

At the trial the plaintiff contended that the court had no jurisdiction to try the case except upon the prima facie evidence established by the certification and finding of the administra-

tor that the defendant, "an employer subject to the unemployment compensation law," was liable for the amount so found due the administrator and that the defendant was prevented from asserting the defense that he was not an employer as set out in his answer because he had failed to perfect his appeal to the Common Pleas Court of Franklin County pursuant to Section 4141.26, Revised Code, from an adverse finding made against him on July 11, 1960, that he was liable for unemployment compensation contributions effective as of April 1, 1956. The Common Pleas Court overruled such motion and permitted the defendant to put on his defense, which resulted in the directed verdict.

The facts show that prior to July 1960, a representative of the administrator made a finding that Michael J. Matteo was an employer subject to the Act and that Matteo filed an application with the administrator for reconsideration and review of this determination before the Bureau of Unemployment Compensation; and on July 11, 1960, this review was heard by a representative of the board in Columbus.

On August 18, 1960, the decision on review and redetermination was mailed to Matteo, the decision finding that Matteo was liable for unemployment compensation contributions on the remuneration as received by the barbers in his shop, effective as of April 1, 1956. Matteo did not appeal such decision to the Court of Common Pleas of Franklin County. It is contended by the appellant that an appeal should have been taken as provided in Section 4141.26, Revised Code. The Common Pleas Court held that the failure to take such an appeal was no bar to the assertion of a defense to the action brought by the Attorney General in the instant case.

Section 4141.25, Revised Code, is a long, involved and complicated section by which the Administrator of the Bureau of Unemployment Compensation determines as of each computation date the contribution rate of each employer for the next succeeding contribution period. The next section, Section 4141.26, Revised Code, which is headed "Appeal from contribution rate," provides that the administrator shall notify each employer of his contribution rate as determined for the next ensuing contribution period, provided the employer has furnished

the wage information for all past periods necessary for the computation of the contribution rate, and that such rate shall become binding unless within 30 days the employer files an application for reconsideration setting forth his reasons for such request. The section further provides that the administrator shall examine the application and notify the employer of his reconsidered decision, which shall become final within 30 days unless the employer files an application for review with the Board of Review, and grants such employer opportunity for a fair hearing before such board, and, if an unfavorable decision is made thereon, an appeal may be taken to the Court of Common Pleas of Franklin County. It is the appellee's contention that such appeal applies only to the establishment of a contribution rate and not to the primary question of whether the appellee is an employer. In this connection we note that the establishment of a contribution rate occurs periodically and such rate may be changed numerous times over a period of years.

On July 26, 1965, the Attorney General filed the petition involved in this case for the bureau and against the defendant and which is governed by the provisions of Section 4141.27, Revised Code, and which we examine here in some detail. This section provides that if the administrator finds that any person, firm, corporation or association is, or has been, an employer subject to the Act and has failed to comply with the Act such administrator shall determine the period during which he or it was such an employer, which finding and determination is prima facie evidence thereof; that the administrator shall forthwith give notice of such action to the employer who shall immediately thereafter furnish the administrator with a payroll covering the period included in such finding and pay the amount of contribution thus determined and fixed; that if such employer fails to furnish such payroll and pay the contribution within 10 days after receiving such notice the administrator shall then determine the amount of contribution due, including interest, and notify the employer of the amount thereof and order it to be paid; that if the amount is not paid within 10 days the administrator shall certify his finding to the Attorney General "who shall forthwith institute a civil action against such employer in the name of the state for the collection of such con-

tribution and interest"; that in such action it is sufficient to set forth a copy of such finding as certified and to state that there is due a specified sum with interest; and that a certified copy of such finding shall be attached to the petition and is prima facie evidence of the truth of the facts therein contained. It is thus prima facie evidence (1) that the defendant is an employer subject to the Act and (2) that he owes as contributions the amount of money specified.

The statute then contains the following procedural matters:

(1) "The answer or demurrer to such petition shall be filed within ten days."

(2) "The reply or demurrer to the answer within twenty days," and

(3) "The demurrer to the reply within thirty days after the return day of the summons or service by publication."

The statute then contains this important provision:

"If upon the final hearing of said cause it is determined that the defendant is subject to * * * [the Act] * * * the court shall render judgment against said defendant for the amount of contribution provided to be paid by such employer for such period, with interest and costs * * *."

It is thus clear that the Legislature has provided a special civil action in which the alleged employer may file a demurrer or set forth in his answer any defense which he may have to the allegations of the petition filed by the Attorney General, to which the Attorney General may demur or file a reply; and if upon final hearing it is first determined that the defendant is subject to the Act then the court shall render judgment. Thus the entire matter can be adjudicated.

We hold that under this Act the Common Pleas Court was correct in its finding that the appellee had a right to assert his defense that he did not owe the money claimed for the reason that he was not an employer of the men involved and was therefore not subject to the payments required by the Unemployment Compensation Act.

In the case of *Iden* v. *Atkinson, Admr.*, 138 Ohio St. 175, the alleged employer brought an action in the Supreme Court of Ohio for the issuance of a writ of prohibition claiming that he could not otherwise contest the validity of the contribution le-

vied by the administrator against him for unemployment compensation. A writ of prohibition was denied by the Supreme Court because, in the first place, it was possible that no court action would ever be filed against Iden and, secondly, "if an action should be instituted against him he could assert his defense that the individuals in question are not employees." The court quoted the provisions of Section 4141.27, Revised Code, above set forth, that "if upon final hearing of said cause it is found and determined that the defendant is subject to the provisions of this act, the court shall render judgment * * * ," and then said "Thus the question whether this plaintiff is an employer of three or more individuals can be effectively adjudicated in a court of law."

That decision was made April 13, 1941, and, thereafter, such an action was filed by the Attorney General on behalf of the Bureau of Unemployment Compensation against Iden, and in that action he asserted the defense that the 8 to 12 operators in his beauty parlor were not employees but that each operator was a lessee; and that each operator paid as rent a certain percent of her gross weekly income, etc. There the trial court granted judgment in favor of Iden, but the bureau appealed, and the Court of Appeals, as reported in *State* v. *Iden,* 71 Ohio App. 65, reversed the trial court, holding that, in view of all the facts presented in evidence, the last arrangement entered into by Iden, after previously paying unemployment compensation on the operators for a period of two years, was a subterfuge entered into solely for the purpose of evading the requirements of the Unemployment Compensation Act. However, it is important to note that in the trial court and on appeal Iden was given every opportunity to set forth the defense that he was not an employer.

This same situation arose and was followed in the case of *State, Bureau of Unemployment Compensation,* v. *Lowe,* 72 Ohio Law Abs. 476.

We, therefore, hold that a defendant in an action brought by the Attorney General on behalf of the Bureau of Unemployment Compensation may assert the defense that he is not an employer and not subject to the Act, and that, according to Section 4141.27, Revised Code, a determination that the defend-

ant is subject to the Act is a prerequisite to rendering a judgment against him for the amount of contribution claimed.

Under the facts the trial court was correct in directing a verdict for the defendant, as in view of the evidence presented reasonable minds could come to but one conclusion and that conclusion is that the barbers at Matteo's shop came within the exception provided in Section 4141.01 (B) (2) (g), Revised Code, that employment does not include "service performed for one or more principals by an individual who is compensated on a commission basis, who in the performance of the work is master of his own time and efforts, and whose remuneration is wholly dependent on the amount of effort he chooses to expend." The evidence shows conclusively that Matteo was the sole owner of a lease in Boardman Plaza in Youngstown; that the shop was so designed as to enable five or six barbers to simultaneously practice their trade; that each barber furnished his own tools and personal items; that each was either an apprentice or master barber with a license as such from the state; that Matteo owned the 5 chairs, one of which he used himself; and that Matteo owned the cash register, furnished the supplies and utilities and paid for any advertising for the barbershop.

The evidence further shows that the other barbers in the shop furnished their own tools, collected for work done, and rang up the money received in the cash register under their own identifying letter; that each paid an amount per week for janitor and cleaning services; and that each barber came and went as he pleased, but generally observed the hours posted on the door, and, at the end of the week, received 70 percent of the amount he had deposited in the cash register, the remaining 30 percent being retained by Matteo. The evidence shows further that each barber filed and paid his own individual income tax, paid his own social security as a self-employed individual and kept 100 percent of any barber work he performed outside the shop.

*Judgment affirmed.*

GRAY, J., concurs.

GUERNSEY, J., concurring. I concur in the conclusions set forth in Judge Younger's opinion and in the judgment. My concurrence, however, is not based on any of the facts set forth therein with reference to any proceedings or specific findings against the appellee in or before the Bureau of Unemployment Compensation in or about the year 1960. The only reference to such proceedings or findings, either in the pleadings or in the bill of exceptions, constituting the record before the Common Pleas Court and thus before this court, is a vague reference in the bill of exceptions to an "adverse finding against him by the administrator" from which defendant "failed to perfect his appeal to the Common Pleas Court of Franklin County," and similarly indefinite questions and answers in the examination of defendant. There is nothing in our record as to the date of any adverse findings in that area of time, the date of notification of Matteo of such findings, or of the character of the findings; and, more specifically, there is nothing in our record showing any finding "prior to July, 1960" that "Matteo was an employer subject to the act."

Such matter, *extraneous to the record,* has been gleaned from an examination of the briefs on appeal, particularly the appellant's brief. I dispute the propriety of the inclusion of such "facts" in the statement of facts on this appeal on questions of law, for I do not wish my conclusions to be, or appear to be, based on facts extraneous to the record on which the case was tried. In other words, I wish to reserve any conclusions which I might have as to the effect of a previous finding of amenability to the Act to a situation where the fact of such previous finding appears affirmatively in the trial record.

YOUNGER, P. J., and GUERNSEY, J., of the Third Appellate District, and GRAY, J., of the Fourth Appellate District, sitting by designation in the Seventh Appellate District.