BUREAU OF UNEMPLOYMENT COMPENSATION, APPELLEE, *v.*
FRANKLIN ET AL., APPELLANTS.

[Cite as Bureau of Unemployment Comp. v. Franklin
(1972), 32 Ohio St. 2d 124.]

(No. 72-137—Decided December 13, 1972.)

126

*Mr. William J. Brown*, attorney general, and *Mr. Gerald N. Mauk*, for appellee.

*Amer, Cunningham & Brennan Co., L. P. A.*, and *Mr. David L. Brennan*, for appellants.

Leach, J. In *Bureau of Unemployment Comp.* v. *Matteo, supra* (9 Ohio App. 2d 95), the Court of Appeals for Mahoning County held that, under the provisions of R. C. 4141.27, "an alleged employer may set up any defense he has, including the defense that he is not an employer within the meaning of the Unemployment Compensation Act and, therefore, not liable for the payment of the contributions assessed against him."

*Matteo* was decided by the Court of Appeals on January 18, 1967. Thereafter, a motion to certify the record was overruled by this court on June 28, 1967 (case No. 40924). Effective December 31, 1967, R. C. 4141.27 was

amended by the Ohio General Assembly. By such amendment, certain key language of that statute, relied upon by the Court of Appeals in *Matteo* as supporting its conclusion, was changed.

In the instant case, the opinion of the Court of Appeals for Summit County quotes, apparently in support of its conclusion, a portion of the language of R. C. 4141.27, as so amended.

Appellants assert—and for reasons set forth hereinafter, we agree—that this case is governed by the provisions of R. C. 4141.27 as it read prior to the December 31, 1967, amendment. Although that question is not discussed in the Court of Appeals' opinion, we must assume that the court was interpreting the same law as was the subject of interpretation in *Matteo*. If this were not true, the judgment in *Matteo* would not have been ''pronounced upon the same question,'' within the meaning of Article IV, Section 3(B)(4), of the Ohio Constitution, and there would have been no basis for certification as a conflict case.

Although appellee does not specifically concede that this case is governed by the applicable law prior to the December 31, 1967, amendment, it does not directly contest appellants' claim in that respect. Instead, its basic argument is to the effect that the 1967 amendment actually made no change in the law applicable to the question in issue; that the law in such respect has remained unchanged since the amendment of G. C. 1345-4 (now R. C. 4141.26), effective September 28, 1943.

The 1943 amendment, for the first time, authorized an appeal to the Common Pleas Court of Franklin County from an order of the administrator fixing an employer's ''contribution rate.''

In 1941, this court, in *Iden* v. *Atkinson*, 138 Ohio St. 175, denied a person, contesting his status as an ''employer'' under the unemployment compensation law, a writ of prohibition. Appellee asserts that, although *Iden* held that an alleged employer could assert the defense that he was not actually an employer of three or more persons in

a court action filed under the provisions of G. C. 1345-28 (now R. C. 4141.27), such holding was premised solely upon the basis "that a person must have his opportunity to defend himself in a court of law and that administrative rulings are not final without the opportunity for judicial review"; that, since a right to judicial review is now accorded by the appeal provisions of R. C. 4141.26, the right to assert such defense under R. C. 4141.27 has been abolished by the 1943 amendment.

Although the 1943 amendment, fixing "contribution rates," did authorize an appeal from the administrative agency to the courts, and did provide that in the absence of such appeal the determination by the agency "shall become final," a careful examination of the *Iden* case and the legislative history of R. C. 4141.26 and 4141.27, since *Iden*, reveals that the language of G. C. 1345-28 (R. C. 4141.27), relied upon by the court in *Iden*, remained unchanged until the amendment, effective December 31, 1967.

A reading of *Iden* reveals that its interpretation of the law was based upon the literal language of G. C. 1345-28, and not upon any strained interpretation necessitated by "due process" considerations as to the requirements of judicial review.

We quote from the opinion of Weygandt, C. J., at page 177:

"In the first place it is possible that no court action ever will be filed against this plaintiff, thus leaving him unharmed. Secondly, if an action should be instituted against him he could assert his defense that the individuals in question are not employees. This is illustrated by the language of Section 1345-28, General Code, that 'If upon final hearing of said cause it is found and determined that the defendant is subject to the provisions of this act, the court shall render judgment * * *.' "

Prior to the 1967 amendment, the authority of a court under R. C. 4141.27 to render judgment against a defendant for the amount of contributions was conditioned upon its determination "that the defendant is subject to Sections

4141.01 to 4141.46, inclusive, of the Revised Code.'' Since the amendment, the court is obligated to render judgment ''If upon the final hearing of said cause it is determined that the defendant previously has been held liable as an employer to pay contributions pursuant to the provisions of Section 4141.26 of the Revised Code, which determination has become final in accordance with the provisions of such section and is subject to the remaining Sections 4141.01 to 4141.46, inclusive, of the Revised Code.''

By applying the literal language of the statute, we are in agreement with the holding in *Matteo* that ''A determination that the defendant is an employer and subject to the Act is a prerequisite to rendering judgment for the amount of contributions claimed'' in an action filed under the provisions of R. C. 4141.27, prior to its amendment, effective December 31, 1967.

In reaching this conclusion, we are not concerned with the wisdom of such legislation, either prior to or subsequent to the December 1967 amendment. As noted in paragraph two of the syllabus in *Slingluff* v. *Weaver* (1902), 66 Ohio St. 621, our duty in interpreting statutory language is not to decide what the General Assembly may have intended to enact, ''but what is the meaning of that which it did enact.'' Where, as here, this court has interpreted the meaning of specific language contained in a statute, and where such language is left unamended until December 31, 1967, it must be assumed that the General Assembly intended no change with respect thereto until such time.

Without unnecessarily extending this opinion, we should note that the opinion in *Matteo* discusses in some detail the provisions of R. C. 4141.27, as it then read, and came to the conclusion, based upon the actual language of the statute, that the trial court, in a hearing pursuant to R. C. 4141.27, was authorized to determine from all the evidence before it whether or not the defendant was ''an employer,'' as defined by the Unemployment Compensation Act. While we conclude that such authority no longer exists, by virtue of the amendment of December 31, 1967,

where a determination to that effect has become final pursuant to the provisions of R. C. 4141.26, such was not the law prior to the amendment.

In the instant case, suit was filed against appellants in the Akron Municipal Court on April 30, 1969. While this was subsequent to the amendment of R. C. 4141.27, effective December 31, 1967, we conclude that appellants' right to raise the issue of amenability in such a suit must be governed by the provisions of R. C. 4141.27 as it read when they chose not to appeal to the Common Pleas Court under the provisions of R. C. 4141.26. Appellants received notice of the decision of the Board of Review on October 6, 1967, and thus their right to appeal to the Common Pleas Court of Franklin County expired on November 6, 1967, which was prior to the amendment.

Prior to the December 1967 amendment, appellants, pursuant to the existing statutory law, had a choice of judicial forums for decision upon the issue of whether they were employers within the meaning of the Unemployment Compensation Act. In our opinion, the legislative removal of one of those forums, after the right to hearing in the other has been lost by the passage of time, involves a change in a substantive right. See *Gregory* v. *Flowers* (1972), 32 Ohio St. 2d 48. See, also, R. C. 1.20, providing that when a statute is amended such amendment does not affect pending proceedings. As amended in 1967, proceedings must now have been completed under R. C. 4141.26 before proceedings may be begun under R. C. 4141.27. In essence, as amended, the proceedings under the two statutes are now so interrelated as to constitute, in the eyes of the law, a single continuous "proceeding." Thus, we conclude that R. C. 1.20,[2] as then in effect, is applicable, and that, even independently of constitutional requirements dealing with substantive rights, the General Assembly did not intend the change in the law resulting from the amendment of December 31, 1967, to be applicable to cases where a proceed-

---

[2]Effective January 3, 1972, R. C. 1.20 has been replaced by R. C. 1.58 which is even more explicit in this regard.

ing aimed at ultimate collection was in progress at the time of the amendment.

In summary, we hold that: (1) Under the provisions of R. C. 4141.27, as in effect prior to December 31, 1967, an alleged employer, who had not appealed a finding by the administrator to the Common Pleas Court of Franklin County under the provisions of R. C. 4141.26, could set up the defense that he was not an employer within the meaning of the Unemployment Compensation Act, and therefore not liable for the payment of the contributions assessed against him; and a determination by the trial court that the defendant was an employer and subject to the Unemployment Compensation Act was a prerequisite to rendering judgment for the amount of contributions claimed; (2) under the provisions of R. C. 4141.27, as amended effective December 31, 1967, a trial court is obligated to render judgment "If upon the final hearing of said cause it is determined that the defendant previously has been held liable as an employer to pay contributions pursuant to the provisions of Section 4141.26 of the Revised Code, which determination has become final in accordance with the provisions of such section and is subject to the remaining Sections 4141.01 to 4141.46, inclusive, of the Revised Code * * *"; and (3) by virtue of the provisions of R. C. 1.20, as in force and effect at the time, the amendment of R. C. 4141.27, effective December 31, 1967, is not applicable to a case where an alleged employer's right to appeal under R. C. 4141.26 expired prior to such amendment.

For the reasons heretofore stated, the judgment of the Court of Appeals is reversed, and the judgment of the Akron Municipal Court is reinstated.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and BROWN, JJ., concur.